16510.   GEORGIA-ALABAMA POWER COMPANY *v.* FIELDS *et al.*

The defendant pleaded a valid contract, by the terms of which its liability for damage to the plaintiffs was limited to an amount less than that found for the plaintiffs.

DECIDED FEBRUARY 25, 1926.

---

Waters, 40 Cyc. p. 692, n. 8.

Action for damages; from Dougherty superior court—Judge Custer. April 15, 1925.

Application for certiorari was denied by the Supreme Court.

The plaintiffs sought to recover for damage from backwater caused to accumulate on their lands by the erection of a dam by the Georgia-Alabama Power Company. The defendant admitted liability in an amount computed at the rate of $12 per acre, which it alleged was the damages as fixed by a contract in writing between Mrs. W. V. Fields and Joseph S. Davis, under whom the plaintiffs and the defendant respectively claim. The defendant in its plea alleged that certain stock in the power company, referred to in the contract, had been delivered to and accepted by Mrs. Fields. A demurrer to the plea attacked the contract as invalid, the demurrer was sustained and the plea stricken, and judgment was entered for the plaintiffs in an amount agreed upon by counsel, as representing the actual damage to the plaintiffs, and in excess of the amount computed under the provisions of the alleged contract.

The sole question for determination is the validity of the alleged contract, which reads as follows:

"Georgia, Dougherty County.

"This agreement, entered into this the 12th day of January, 1907, by and between Mrs. W. V. Fields, of the said State and county, party of the first part, and Joseph S. Davis, of Dougherty County and State of Georgia, party of the second part, witnesseth, that for and in consideration of one hundred ($100.00) dollars in cash, the receipt whereof is hereby acknowledged, paid by the said Joseph S. Davis to the said Mrs. W. V. Fields, the said party of the second part, his heirs or assigns, the water rights and privileges appertaining to land lots No. 291 (two ninety-one) and No. 288 (two eighty-eight), lying on the north banks of the Flint river in the first district of Dougherty county, Georgia. Also for and in consideration of twelve dollars ($12.00) per acre for any overflow damage that may result from the rising of the water by reason of the erection of a dam across the Flint river, one and three-fourths (1 3/4) miles above Albany, Georgia, to the above-enumerated lots as well as to any land which the said Mrs. W. V. Fields may own in Dougherty county or Lee county, Georgia. The damage to be

9

determined by survey at the expense of the said Joseph S. Davis at any time called for by the said Mrs. W. V. Fields. It is also hereby agreed and covenanted by and between the said parties of this contract that when the company to develop the water-power on the said Flint river is organized, that stock is ready to be issued, that the said party of the first part is to receive from said company seven shares of the capital stock of the said company, value one hundred dollars ($100) each. This agreement is hereby signed in duplicate, and each party hereby warrants to defend the rights and privileges herein conveyed to the other against themselves and the claims of any persons whatsoever.

"Signed, sealed and delivered in the presence of:

"R. A. Malone,                 "Mrs. W. V. Fields (L. S.)

"I. C. Gortatowsky,            "J. S. Davis       (L. S.)"

"N. P. Do. Co., Ga."

*Milner & Farkas,* for plaintiff in error.

*Pope & Bennet,* contra.

STEPHENS, J. (After stating the foregoing facts.) Properly construed, the alleged contract is to the following effect: Mrs. W. V. Fields conveys to Joseph S. Davis the water rights and privileges appertaining to land lots 291 and 288, as particularly described, and also agrees to accept from Joseph S. Davis $12 per acre as compensation for any damage to the described lands of Mrs. W. V. Fields caused by the overflow of water resulting from the erection of the dam, for and in consideration of the payment to her by Joseph S. Davis of $100 cash, representing the value of the water rights and privileges conveyed, and a promise by Joseph S. Davis to convey to Mrs. W. V. Fields seven shares of the capital stock when the company to develop the water-power is organized. Whether or not this agreement constitutes a contract or merely an offer by Mrs. W. V. Fields, her offer was accepted by Joseph S. Davis by the delivery to her and the acceptance by her of the stock described in the contract. The court therefore erred in striking the defendant's plea and finding in favor of the plaintiff in an amount larger than that due under the terms of the contract.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*